[1 NYS3d 906]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOHN DOE, Defendant.

Criminal Court of the City of New York, Bronx County, February 6, 2015

APPEARANCES OF COUNSEL

*The Bronx Defenders*, Bronx (*Christa Douaihy* of counsel), for defendant.

*Robert T. Johnson, District Attorney*, Bronx (*Jason Navia* of counsel), for plaintiff.

## OPINION OF THE COURT

JEANETTE RODRIGUEZ-MORICK, J.

Defendant stands charged with assault in the third degree (Penal Law § 120.00 [1]), and harassment in the second degree (*id.* § 240.26 [1]), for allegedly biting a security officer assigned to an HIV/AIDS Services Administration (HASA) location.[1] Invoking Public Health Law § 2780 *et seq.*, defendant seeks an order sealing the instant motion and precluding the complainant security officer from referring in her trial testimony to the suggestion that defendant is HIV positive and that the alleged assault took place at a Human Resources Administration HASA location, among other things.

For the reasons that follow, defendant's motion for an order pursuant to Public Health Law § 2780 *et seq.* is denied; but his application for an order sealing the instant motion is granted.[2]

## Background

According to the minutes of the *Wade/Dunaway* hearing, complainant, a supervising security officer employed by FJC Security, a private security company, was assigned to supervise several security guards at a HASA facility in the Bronx on August 10, 2010. (Nov. 25, 2013 hearing tr at 4, line 11 through 5, line 7.)

At around 11:00 a.m., complainant received a radio call from another security officer about an altercation between a client

---

1. HASA, an agency of the Human Resources Administration, provides "[i]ntensive case management and assistance in applying for public benefits and services" to "[p]ersons living with AIDS or clinical symptomatic HIV illness." (New York City Department of Social Services, Human Resources Administration, HIV/AIDS Services Administration, http://www.nyc.gov/html/hra/html/services/hasa.shtml [accessed Jan. 24, 2015].)

2. This decision and order memorializes, in part, the court's January 23, 2015 oral ruling denying defendant's motion.

and an HASA caseworker in the waiting room. (*Id.* at 5, lines 9-10; at 18, lines 16-20.) Complainant responded and ultimately needed to physically intercede between defendant and the caseworker. (*Id.* at 10, line 18 through 11, line 4.) In the midst of the scuffle, defendant bit her on the right side of her torso. Complainant's shirt was "full of blood" and she described the bite as "deep" and "penetrating." (*Id.* at 11, line 16 through 12, line 14; at 32, lines 12-15.)

Defense counsel filed the instant motion, pursuant to Public Health Law § 2780 *et seq.*, for an order precluding any and all of complainant's references to HIV in this case, including, but not limited to, defendant's HIV status, a description of the incident location as an HASA office, testimony regarding the necessity of complainant's having to undergo HIV testing, her subsequent retroviral medication regime, and the adverse effects of that testing and treatment.

## Analysis

Defendant argues that complainant is prohibited by the Public Health Law from testifying regarding any HIV references because such testimony is tantamount to "disclosure" under article 27-F, which provision requires the People to seek, preliminarily, a court order authorizing that disclosure.

Article 27-F of the Public Health Law limits the disclosure of "confidential HIV related information." (*See id.* § 2780 [7].) If article 27-F applies, its confidentiality protections would arguably necessitate the preclusion of certain aspects of the complainant's testimony. Since HIV-related information is defined as "any information, in the possession of *a person who provides one or more health or social services* or who obtains the information pursuant to a release of confidential HIV related information" (*id.* [emphasis added]), defendant's argument turns on whether complainant is a provider of "health or social services" under section 2780 (7).

To get there, defense counsel essentially reads an agency theory into the Public Health Law, and argues that *all* HRA/HASA "employees and . . . agents have a statutory duty to maintain the confidentiality of [defendant's] HIV-related information." (Mem of law at 8.) Counsel argues that article 27-F applies to those "who in the course of their employment" obtain *any* HIV-related information. (*See* mem of law at 7.)

But article 27-F's actual language differs not a little from what defense counsel urges. The nondisclosure provisions

throughout article 27-F appear to apply only to service providers who, in the course of providing such services, obtain confidential information. (*See e.g.* Public Health Law §§ 2780 [7] [defining confidential HIV-related information to mean information "in the possession of a *person who provides one or more health or social services*" (emphasis added)]; 2782 [1] ["No person who obtains confidential HIV related information *in the course of providing any health or social service*" (emphasis added)]; 2785 [4] [a] ["The individual concerning whom confidential HIV related information is sought and *any person holding records concerning confidential HIV related information*" (emphasis added)].)[3] Because complainant here is not a person providing health or social services, article 27-F does not apply.

Undeterred by the absence of any textual support in article 27-F indicating that employees of independent contractors are persons who provide "health or social services," defense counsel cites several other statutory provisions to support her agency theory. (*See* Douaihy aff at 8, citing Social Services Law § 2, 18 NYCRR 357.2, and 10 NYCRR 63.4.) But an examination of these provisions reveals that her argument is built like a house of cards.

For example, defense counsel cites Social Services Law § 2 and 18 NYCRR 357.2 for the proposition that "Human Resources Administration employees and agents are categorically bound" by the nondisclosure provisions of article 27-F. (Mem of law at 8-9.) Yet a cursory glance at Social Services Law § 2 exposes it to be nothing more than a general catalog of definitions that, predictably, does not include "Human Resources Administration employees and agents" or even any reference to

---

**3.** *See also id.* § 2780 (8) (defining "[h]ealth or social service" as "any public or private care, treatment, clinical laboratory test, counseling or educational service for adults or children, and acute, chronic, custodial, residential, outpatient, home or other health care provided pursuant to this chapter or the social services law; public assistance or care as defined in article one of the social services law; employment-related services, housing services, foster care, shelter, protective services, day care, or preventive services provided pursuant to the social services law; services for the mentally disabled as defined in article one of the mental hygiene law; probation services, provided pursuant to articles twelve and twelve-A of the executive law; parole services, provided pursuant to article eight of the correction law; corrections and community supervision, provided pursuant to the correction law; detention and rehabilitative services provided pursuant to article nineteen-G of the executive law; and the activities of the health care worker HIV/HBV advisory panel pursuant to article twenty-seven-DD of this chapter").

article 27-F.[4] Equally barren is the citation to 18 NYCRR 357.2, relating to "[p]rohibition[s] against disclosure of information," which provides that "[o]fficers and employees of social services districts" are prohibited from disclosing, among other things, the identity of applicants for HIV-related public assistance benefits. This provision defines neither "agents" as "employees" nor "social services districts" and lacks any reference to article 27-F. Finally, defense counsel's citation to 10 NYCRR 63.4, relating to the "[f]iling of reports," yields nothing of any relevance. (*See id.* § 63.4 [b]-[c] [requiring certain medical personnel and their agents to file HIV-related reports with the Commissioner of Health and providing for the confidentiality thereof].) Needless to say, none of the cited provisions support defense counsel's contention that all HASA "employees and agents in contract with HRA" fall under the purview of article 27-F.

In short, because article 27-F clearly does not apply here, defendant's motion borders on the frivolous and is therefore denied.

Defense counsel's motion to seal the underlying motion papers, however, is granted. (*See e.g. Matter of Hynes v Karassik*, 47 NY2d 659, 664 [1979] [noting courts' power to restrict access to confidential records "when the interests of justice so dictate" based on the "discretionary authority courts enjoy with respect to their own records insofar as they pertain to the business of the court and when essential to the proper administration of justice"].) Although article 27-F does not apply, given the sensitive nature of the instant proceedings— particularly in light of the strong public policy in favor of confidentiality, as indicated by the legislative intent informing article 27-F—the court finds good cause to seal the underlying motion papers and further orders the instant caption amended to permit defendant to proceed anonymously as to this motion in order to preserve privacy in this sensitive and personal matter. (*See* New York Law Reports Style Manual § 12.4 [a] [3]

---

4. In her motion papers, defense counsel does not explain which of section 2's subdivisions, if any, support her sweeping proposition. Presumably, she refers to "[h]ealth or social service" provider, as defined in article 27-F under section 2780 (8), which incorporates Social Services Law § 2's definition of "[p]ublic assistance and care." (*See* Social Services Law § 2 [18].) Yet that definition, which provides that "[p]ublic assistance or care" includes "family assistance, safety net assistance, veteran assistance, medical assistance for needy persons, institutional care for adults and child care granted at public expense pursuant to this chapter" (*id.*), does not support her argument.

[2012] ["If reference to protected personal names is necessary, use real or fictitious initials or other formats that shield the person from identification. For example, George Jones may be replaced by George J., or G.J. or George RR, or Anonymous"].)

Accordingly, defendant's motion for an order precluding the People from introducing any HIV-related information, pursuant to Public Health Law § 2780 *et seq.* is denied; and his request to file the instant motion under seal is granted.